January Term, 1882, No. 420.                January 9, 1883.

## Bowers v. Schweer.

A and those under whom he claimed, successive owners and occupants of a certain lot, for more than twenty-one years had continuously used, for the exclusive benefit of the house on that lot, an alley running over the soil of the rear end of an adjoining corner lot into a street upon which the corner lot fronted, and had always maintained a locked gate at its outlet. B, the owner of the adjoining corner lot, having removed the gate under claim of ownership in the soil upon which it was placed, and trespass for the act having been brought by A:

*Held*, That such continued adverse enjoyment under a claim of right, for so many years, gave a title to A which could not be revoked.

*Held further*, That without regard to the original title to the soil, this was a notorious and permanent dedication of the exclusive enjoyment thereof which had fully ripened, was now vested in A, and which gave him a right to maintain the gate, and under evidence of injury thereto, a remedy in damages against the wrongdoer.

[Bowers *v.* Schweer.]

Before MERCUR, C. J.; GORDON, PAXSON, TRUNKEY, STERRETT, GREEN, and CLARK, JJ.

Error to the Court of Common Pleas, No. 4, of *Philadelphia County*.

Trespass on the case by Henry C. Schweer against N. S. Bowers to recover damages for the removal by defendant of a locked gate from the entrance to an alley, the exclusive use of which is claimed by plaintiff.

On the trial, January 17, 1882, the following facts appeared:

On August 5, 1851, Patrick Lacy became seized of two adjoining lots and messuages described separately as follows:

No. 1. (On plan *infra*.) S. W. corner Girard avenue and Tenth street, Twentieth ward, Philadelphia, front on Girard avenue eighteen feet, depth along Tenth street sixty-five feet six and three eighth inches.

No. 2. South side of Girard avenue eighteen feet west of Tenth street, front on Girard avenue sixteen feet, depth of that width south sixty-five feet six and three eighth inches.

Girard avenue.

No alley is mentioned in the deed for these lots.

The evidence was that Lacy, who occupied the corner house and lot No. 2, laid out the alley and put up a gate at its Tenth street outlet as far back as 1854; that the alley and gate were used only by the occupants of premises No. 2; that there was a fence on the north side of the alley and a dead wall on the south; that there was never a gate into the alley from lot No. 1, nor from the property on the lower side, and that the house on lot No. 1 had an entrance upon Tenth street directly from its yard.

On September 28, 1877, Henry C. Schweer, plaintiff below, became seized in fee of lot No. 2 by deed from the vendee of the heirs of Patrick Lacy, whose will had been

proved November 19, 1872. On the same day the widow and heirs of Lacy (who in their deed to Schweer's grantor had made no mention of the alley) granted to Schweer, his heirs and assigns, "the free and uninterrupted use, right, liberty, and privilege of, and passage in and along a certain alley or passage of two feet three inches in width, by eighteen feet in depth, extending out of and from the west side of Tenth street, in the said city of Philadelphia, along and over the south side of a certain lot or piece of ground situate at the south-west corner of said Tenth street and Girard avenue, and communicating at the western end of said alley with a certain lot or piece of ground, situate on the south side of said Girard avenue at the distance of eighteen feet westward from the west side of the said Tenth street; being the same alley or passage-way which the said Patrick Lacy opened for the use forever of the lot or piece of ground second above mentioned, over and along the south side of the lot or piece of ground first above mentioned, and the said alley having been in continuous and uninterrupted use by the tenants, owners, or occupants of said lot of ground second above mentioned for the past twenty-five years, with the privilege to lay beneath the soil of said alley drain-pipes, water and gas pipes, and to use the surface of the same as a water-course, and with free ingress, egress, and regress to and for said Schweer, his heirs and assigns, his and their tenants and under-tenants, occupiers or possessors of the said lot (No. 2) at all times hereafter forever; reserving the right to build over the whole of said alley or passage-way at any time hereafter, leaving at least eight feet headway in the clear."

On November 6, 1878, the grantors in the deed last-above recited conveyed to Maurice Hayes in fee the lot and messuage (No. 1) south-west corner Tenth street and Girard avenue, (as described *supra,*) "including on the rear end thereof the soil of a certain alley two feet three inches in width, leading into and from said Tenth street."

Subsequently, November 11, 1878, Hayes conveyed the premises described in the last deed (No. 1) to N. S. Bowers, the defendant.

At the time of the conveyance to Schweer, there was a gate at the alley, Tenth street outlet, fastened on the inside by a bolt. Schweer testified: "I took the old gate off, and put a new gate there, and paid for it. The new gate was secured on the inside with bolt and lock, a dead-latch. I used the alley exclusively. Albert Jakemot occupied the corner when I went there. Bowers came to

[Bowers *v.* Schweer.]

live there after I moved there, about two or two and a
half years after. I continued to use the alley four years
this way. Last April, 1881, sister and mother were wash-
ing out the alley, and sister told me that Bowers had
taken the gate off, and would not give it back. I de-
manded it; I opened his gate and went into his yard for
it. He said, 'You cannot have it.' I said to him that I
had the gate made; I am going to sue you. He said, 'All
right; I want you to sue me.' Mr. Bowers never asked
me for admittance to the alley."

On cross-examination, witness said : "Mr. Bowers made
repairs to the alley. Mr. Bowers built over the alley
about two years ago. He took down the gate and re-
placed it when the work was done. He made repairs to
the alley about one year ago. The pavement had sunk
from repairs in his yard."

The defendant offered no testimony, and presented the
following point :

"The plaintiff cannot recover under the evidence in this
action, and the verdict must be for the defendant."

Answer refused. (First assignment of error.)

The Court charged, *inter alia,* as follows :

"If you are of opinion that during and ever since Pat-
rick Lacy's time, that is, for twenty-one years, this alley
has only been used for the second house, and during all
that time the owner of the second house had always main-
tained a locked gate, your verdict should be for the plain-
tiff." (Second assignment of error.)

The Court further charged the jury as follows :

"If you think from the evidence that Patrick Lacy and
the successive occupants and owners have always main-
tained a locked gate at this alley, defendant had no right
to take it down, and the verdict should be for the plain-
tiff." (Third assignment of error.)

January 15, 1882, verdict for the plaintiff, $10, and
judgment thereon, whereupon defendant took this writ,
assigning for error the refusal of his point and the por-
tions of the charge above quoted.

*William Gorman* for plaintiff in error.

Did the deed of September 28, 1877, give to the defend-
ant in error an exclusive right to use the alley ? This
deed grants to Schweer the free and uninterrupted use,
right, liberty, and privilege of and passage in and along
this alley. This is a grant of a mere easement. A grant
of the right of way does not convey the soil : Aqueduct
Co. *v.* Chandler, 9 Allen, 159. The grantee of an ease-

[Bowers v. Schweer.]

ment cannot prevent another person, even a trespasser, from using the land, if such usage does not impede him in the exercise of his right of passage: Rex v. Jolliffe, 2 T. R., 90; Cook Co. v. Chicago R. R. Co., 35 Ill., 464; Goddard on Easements, (Bennett's Ed.,) p. 5; Ackroyd v. Smith, 10 C. B., 164; Rangeley v. R. W. Co., L. R. 3 Ch. Ap., 310; Warren v. Blake, 54 Me., 276; Grant v. Chase, 17 Mass., 443.

*P. K. Erdman* and *B. F. Fisher* for defendant in error.

It is well settled in Pennsylvania that servitudes imposed by the owner of land, which are plainly visible or notorious, and from the character of which it may fairly be presumed that he intended their preservation as necessary to the convenient enjoyment of the property, become, when the lands are divided and pass into other hands, permanent appurtenances thereto: Phillips v. Phillips, 12 Wr., 178; Penna. R. R. Co. v. Jones, 14 We., 417. The defendant in error had, then, a right to maintain a gate at the mouth of the alley as an appurtenant to his messuage; and this aside from any right derived by the deed from Patrick Lacy's heirs, though its use in connection with the alley, visibly and notoriously established by Patrick Lacy, and by him and the tenants and occupants of the lot of defendant in error maintained uninterruptedly for a period of twenty-five years prior to the trespass in this case.

The deed of the heirs of Patrick Lacy to defendant in error, with the attending circumstances, gave him an undoubted right to use the alley and maintain a gate, as had theretofore been done. The deed recites that it was opened by Patrick Lacy "for the use forever" of the lot above mentioned.

There is in this deed no reservation of any right to the grantors for the use of the alley, except the right to build over. *Inclusio unius est exclusio alterius.*

The grant of the "free and uninterrupted use" of the alley, in the absence of any conflicting reservation, in language indicating only a common use, confers an exclusive use: Kirkham v. Sharp, 1 Wh., 323; Lewis v. Carstairs, 6 Wh., 193; Cope v. Grant, 7 Barr, 488.

JANUARY 22, 1883.—PER CURIAM: The jury have found, on sufficient evidence, that the defendant in error, and those under whom he claims, the successive occupants and owners of the lot for more than twenty-one years,

[Appeal of Henry C. Brolasky.]

have continuously used the alley for the benefit of the house on the lot, and have always maintained a locked gate thereat. This continued and adverse enjoyment, under a claim of right for so many years, gave a title which cannot be revoked. Without regard to the original title to the soil, this was a visible, notorious, and permanent dedication of the exclusive enjoyment thereof, which has fully ripened, and is now vested in the defendant in error. This gave him a right to maintain the gate, and, under the evidence of injury thereto, a remedy in damages against the wrong-doer.

Judgment affirmed.

JANUARY TERM, 1883, No. 158.	APRIL 30, 1883.